SAN ANTONIO GAS & ELECTRIC CO. v. MOUTON.

(Court of Civil Appeals of Texas. San Antonio. March 20, 1912. Rehearing Denied April 17, 1912.)

MASTER AND SERVANT (§§ 280, 281*)—ACTION FOR PERSONAL INJURIES — SUFFICIENCY OF EVIDENCE — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

Evidence in an action for personal injuries resulting from a flash or spark from defendant's electric generator, alleged to be in a defective condition, where the defendant set up contributory negligence and assumed risk, held sufficient to sustain a verdict for the plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–996; Dec. Dig. §§ 280, 281.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by W. R. Mouton against the San Antonio Gas & Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellant. Will A. Morriss, T. J. Newton, and E. H. Powell, all of San Antonio, for appellee.

FLY, J. Appellee sued appellant to recover damages resulting from personal injuries, alleged to have been inflicted through the negligence of appellant. The grounds were negligence in permitting a generator of electricity in its plant to "become old, worn, defective, dirty, and out of repair, and out of adjustment, and negligently and carelessly overloaded same beyond its capacity, and negligently failed to equip said machine in such a manner that said machine could be stopped and cut out of operation while same was being inspected, and negligently and carelessly required and instructed plaintiff to inspect and examine while it was .in operation, and while same was overloaded, and negligently and carelessly failed to warn plaintiff, who was ignorant thereof, of the danger attending the inspection of said machine under the circumstances, while same was in operation, and that each and all of said acts of negligence directly caused and contributed to plaintiff's said injuries." Appellant pleaded contributory negligence and assumed risk. The court submitted only one ground of negligence, and that was "that defendant had caused or permitted said generator and the parts thereof to be and become old and worn and dirty, and that said flash or current of electricity, if any, was thereby caused to escape therefrom." The jury returned a verdict for $1,000, and from a judgment for that sum this appeal has been perfected.

There are three assignments of error, all assailing the sufficiency of the evidence to sustain the verdict—one of them based on a refused charge instructing a verdict for appellant; the other two, on the overruling of a motion for new trial. It is not only contended that the evidence showed that the alleged negligence was not the proximate cause of appellee's injuries, but that the defects were open and obvious, and that appellee was fully cognizant of such defects, and that he assumed any risk arising therefrom, and was also guilty of contributory negligence. All of these matters were fully and fairly presented to the jury, through the charge of the court and charges requested by appellant and given by the court, and were passed upon by the jury adversely to appellant; and if there is testimony to sustain the findings, of course the judgment must be affirmed.

Appellee, on June 7, 1910, was an employé of appellant as assistant dynamo tender, his duties being "to look out for the meters, read the meters and look out for circuit breakers, and regulate the loads on these dynamos generating direct current, looking out for them in a general way and cleaning them after the run; that is, whenever we could take the machine off. It was my duty to clean them; and during the time they were running I was supposed to look out for them, and see that they were in good condition, and do all I could to keep them in good condition." He had been engaged at that work about two months, acting under orders from Charles W. Wendland. He thus details the circumstances of his injury: "I was told by Charlie Wendland, the man I was working under and assisting, to go over to No. 4 generator, and see what I could do for it. It was sparking. I went to the machine, and it was not sparking at the time, and was going to examine it, when it struck a spark, the flash blinding me and burning my face to some extent, eyelashes and eyebrows, and I was blind for a period of about three minutes, and when my sight gradually came back to me my eyes watered considerably, and a ter-

rible pressure on my eyes, as though something was pushing them in, and burning under the eyelids." He stated that he placed his hand on the bearing of the machine, and as he stooped over to examine the machine the flash of electricity came. The flash caused every generating machine to cease generating electricity. The electricity injured appellee's eyes. Appellee testified that the machine "arced," and said: "I had never seen a machine arc, and didn't know it would do it. I knew if it did do such a thing, and anybody was around it, what it would do to them; but I had no idea it would ever do such a thing—never seen one do that—never heard of it. I heard of it directly afterward, because I was told so; waited until that thing occurred, and then told me about it, but up to that time I did not know anything about a machine arcing, absolutely none. * * * This machine, among others of a similar type, was worn. The commutator was worn, brushes were dirty, commutator was also dirty, and the carbon brushes." He testified that he was sent by his foreman to see to the machine; that he did not stop it from running, because in order to do that the other generators had to be stopped, and he was told positively not to "cut it out." No one had ever told appellee, and he did not know, that putting his hand on the "cast bearing" would cause it to "arc," or "flash." The dynamo was not "sparking" when appellee reached it. He was told to go to the machine and see what he could do for it, and while he was looking to see what was the matter with the generator the spark came.

The words "flash" and "arc" are synonymous as used herein, and a witness testified: "An arc is caused by a 'short.' If you get two pieces that will conduct it, and if they get separated in any way, it will leap and flash. Possibly you have two currents, such as two brushes, separated. The current jumps between them, and there will be a flash. * * * One of the causes of that is an overload. * * * Well, a dirty condition of the commutator would cause it. * * * If a generator is in fair condition at all, say, we will say reasonably good condition, why it won't spark and cause this flash. It will not do that. It won't arc, unless there is a very sudden overload thrown on it from somewhere. Then it might do it; but I don't think it will, because stop the machine first. The circuit breaker on the machine will refuse it. This No. 4 was old and worn, and wouldn't carry the load; had to refuse it in some way or another. I seen it arc several times. They didn't use it regularly, left it out, because it was a bad machine. They had to. Yes; I said, if a machine is in fairly good condition, it would not arc." The testimony was ample to show that the machine was old and badly worn, and in bad condition.

The testimony was conflicting as to contributory negligence on the part of appellee. He was told by his superior to examine the machine and ascertain what he could do for it, and, although told it was sparking, it was not when he reached it, and he proceeded to examine it, as he did all of them. It cannot be said, as a matter of law, that it was contributory negligence for appellee to proceed to examine it in the usual way at a time when it was not throwing off sparks, and he used the only means for obeying the commands of his foreman by stooping down and looking into it. As he did so, without any act on his part, the flash came. He was ignorant of the fact that the electricity would spring from one brush to another, forming an arc. The evidence presented a question of fact for a jury, which, in response to a clear and concise statement of the law by the court, found against contributory negligence or assumed risk on the part of appellee. We do not feel authorized to disturb the verdict.

The judgment is affirmed.